IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01293-PAB-KMT

BRYAN MOTT, a New York citizen, and
NIKKI MOTT, a New York citizen,

    Plaintiffs,

v.

NARCONON FRESH START, d/b/a A Life Worth Saving, Inc.,

    Defendant.

_____

**ORDER OF DISMISSAL WITH PREJUDICE**
_____

    This matter is before the Court on the Stipulated Dismissal of Defendant Narconon Fresh Start With Prejudice [Docket No. 98]. The parties request that the Court enter an order dismissing this action with prejudice.

    The stipulation invokes Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which provides that the "plaintiff may dismiss an action *without a court order* by filing: . . . a stipulation of dismissal signed by all parties who have appeared." (emphasis added). The stipulation was not signed "by all parties who have appeared" (Fed. R. Civ. P. 41(a)(1)(A)(ii); *see Anderson-Tully Co. v. Federal Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009) (under Fed. R. Civ. P. 41(a)(1)(A)(ii), "all parties who have appeared" includes both current and former parties)) and therefore does not, by itself, serve to dismiss this action. However, former defendants Association for Better Living and Education International and Narconon International and defendant Narconon Fresh Start are represented by the same counsel, and there is no reason to suspect that the former defendants would object to the stipulation. As a result, the Court finds that dismissal is appropriate.

    Furthermore, "[*u*]*nless the notice or stipulation states otherwise*, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Here, however, the parties have agreed to the dismissal of this action with prejudice. Therefore, the case was dismissed with prejudice as of the entry of the parties' Stipulated Dismissal [Docket No. 98]. No order of dismissal is necessary.

    DATED July 15, 2015.